**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| EDELINE JULMISSE PROSPER, as Personal Representative of the ESTATE OF JUNIOR PROSPER, deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 17-CV-20323 |
| ANTHONY MARTIN, Miami-Dade Police Department Badge No. 7819, individually, ) ) ) ) | |
| Defendants. ) | **JURY DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Edeline Julmisse Prosper, as Personal Representative of the ESTATE OF Junior Prosper, by and through her undersigned attorneys, complains of Defendant, ANTHONY MARTIN, Miami-Dade Police Department Badge No. 7819, individually, ("Defendant Officer") and in support thereof states as follows:

**INTRODUCTION**

1. This is a civil action, arising out of the death of Junior Prosper ("Decedent") caused by the Defendant Officer, is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Decedent's rights as secured by the United States Constitution.

2. This court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the judicial code 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. §1392(b). On information and belief, all parties reside in this judicial

1

district, and the events giving rise to the claims asserted herein occurred within the district.

## PLAINTIFF'S ALLEGATIONS

3. Plaintiff is the Personal Representative of the Estate of Decedent, Junior Prosper, who died from gunshot wounds inflicted by the Defendant Officer on September 28, 2015.

4. Until the time of his death, Decedent, Junior Prosper, was a resident of North Miami, Miami-Dade County, Florida.

5. Defendant Anthony Martin, Badge No. 7819, was, at the time of this occurrence, a duly licensed Miami-Dade County Police Officer. Defendant Officer engaged in the conduct complained of in the course and scope of his employment and under color of law. Defendant Officer is sued in his individual capacity.

6. On or about September 28, 2015, Defendant Officer shot and killed Junior Prosper adjacent to Interstate 95 near NW 119th Street in Miami, Florida.

7. Defendant Officer used inappropriate, unwarranted, and unjustified force against Decedent, who was unarmed. Specifically, the Defendant Officer shot decedent without lawful cause or justification.

8. As a result of the Defendant Officer's unlawful use of force, the gunshot wounds led to Prosper's death.

9. A nearby surveillance camera captured certain events that led to and included the shooting of Decedent by Plaintiff.

10. Upon information and belief, neither the Miami-Dade Police Department nor any other law enforcement agency provided the Miami-Dade County State Attorney's Office with a copy of the video for their investigation. In fact, either the Miami-Dade Police

Department or the Florida Department of Law Enforcement directed the private business in possession of the video not to distribute it.

11. Plaintiff seeks recovery for the following losses caused by Defendant Officer's unlawful force: (i) the loss of prospective net accumulations of the Decedent beyond death reduced to present value and (ii) medical and funeral expenses due to the Decedent's injury or death that have become a charge against his Estate or that were paid by or on behalf of decedent. The Estate of Junior Prosper, by and through Ediline Julmisse, Personal Representative, is entitled to and does seek to recover hedonic damages suffered by the decedent, in other words, the value as determined by the trier of fact, of Junior Prosper's past and future loss of enjoyment of his life.

12. The Decedent's children and wife are entitled to recover damages suffered for the deprivation without due process of their constitutionally protected liberty interest in their relationship with Junior Prosper, as guaranteed by the 14th Amendment, and state law, as incorporated into 42 U.S.C. § 1983.

## COUNT I – 42 U.S.C. §1983

### Fourth Amendment – Excessive Force

13. Each of the foregoing Paragraphs 1 through 12 are hereby incorporated as if restated fully herein.

14. As described in the preceding paragraphs, the conduct of the Defendant Officer, acting under the color of law, constituted excessive force in violation of the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

15. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Decedent's constitutional rights.

16. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

17. As the proximate result the Defendant Officer's unjustified and excessive use of force, Decedent suffered severe and permanent physical pain, loss of life, medical and funeral expenses, and Plaintiff suffered injury and emotional distress, including loss of society and companionship.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for compensatory damages and, because the Defendant Officer acted maliciously, wantonly, and oppressively, Plaintiff seeks punitive damages against Defendant Officer in his individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues triable.

Date:  January 25, 2017

Respectfully submitted,

/s/  Court E. Keeley
Court E. Keeley, B.C.S.
Florida Bar No. 23441
**Jacobs Keeley, P.L.L.C.**
Alfred I. DuPont Building
169 East Flagler St., Suite 1620
Miami, FL 33131
Keeley@JAKElegal.com
Efile@JAKElegal.com
Tel:    (305) 358-7991
Fax:    (305) 358-7992
*Counsel for Plaintiff*