UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20323-CIV-ALTONAGA/O'Sullivan

**EDELINE JULMISSE PROSPER**,

    Plaintiff,
v.

**ANTHONY MARTIN**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Anthony Martin's Motion to Stay Proceedings and Administratively Close Case Pending Resolution of Related State Criminal and Administrative Investigations [ECF No. 14], filed February 28, 2017, within two weeks of service of the Complaint [ECF No. 1] (*see* Return of Service [ECF No. 12-1]).  The Court has carefully considered the parties' written submissions[1] and applicable law.

Plaintiff is the personal representative of the Estate of Junior Prosper and brings this action under 42 U.S.C. section 1983 asserting one claim of excessive force under the Fourth Amendment, following the September 28, 2015 shooting death of Mr. Prosper by the Defendant, a Miami-Dade County police officer. (*See generally* Compl.).  Following an investigation by the Florida Department of Law Enforcement, the State Attorney is presently investigating the incident to decide whether to bring state criminal charges against the officer.  (*See* Mot. 1–2). Once the criminal investigation is concluded, the Miami-Dade Police Department Professional

---

[1] These include Plaintiff, Edeline Julmisse Prosper's Response in Opposition [ECF No. 17] and Defendant's Reply [ECF No. 19].

Compliance Bureau must finalize its administrative investigation to determine whether employment discipline should be pursued. (*See id.* 2).

Defendant does not have and cannot obtain access to the investigative file due to its protected status, until the investigation closes. (*See id.*). Consequently, she seeks a temporary stay, claiming the parties are left without the most important documents and evidence needed to prosecute and defend this suit. (*See id.*). Plaintiff objects, stating she will be unfairly prejudiced by an indefinite delay resulting from a stay. Plaintiff presents the following reasons in opposition: Defendant fails to identify any special circumstances exist, Defendant may raise a defense of qualified immunity without the protected investigative file, Defendant will not be prosecuted for responding to discovery in this case, Plaintiff faces an expiring statute of limitations to other claims or against defendants she may wish to bring into the suit, Defendant lacks standing to assert a law enforcement investigatory privilege, the status of the ongoing investigation is uncertain, and Plaintiff needs to perpetuate testimony and preserve evidence. (*See generally* Resp.).

District courts have broad discretion in deciding whether to stay proceedings, incidental to their powers to control and efficiently manage their dockets. *See, e.g.*, *Coquina Invs. v. Rothstein*, No. 10-60786-CIV, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015) (quoting *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)). "Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not mandate entry of a stay of the latter." *Id.* (internal alteration omitted)

(quoting *Lay v. Hixon*, No. CIVA 09-0075-WS-M, 2009 WL 1357384, at *2 (S.D. Ala. May 12, 2009)).  In assessing whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance."  *Winn-Dixie Stores, Inc. v. Big Lots Stores, Inc.*, No. 9:11-80638-DMM, 2012 WL 1890547, at *1 (S.D. Fla. May 11, 2012) (quoting *Landis*, 299 U.S. at 255).

Weighing the parties' interests, the Court finds special circumstances favor the requested stay.  The investigative file regarding Mr. Prosper's shooting is privileged, and without a stay, the parties will be forced to litigate without the benefit of any meaningful discovery, as most of the evidence and information necessary to prosecute and defend the excessive force claim is contained within the investigative file.  Proceeding with discovery while an investigation remains open but inaccessible to the parties makes it impossible for the Court to enter a meaningful scheduling order.  The requested stay will be limited in duration to the pendency of the ongoing state criminal and administrative investigations; indeed, it appears the State Attorney's investigation may conclude in the next month or so.  (*See* Reply 3).

With regard to Plaintiff's concerns about the statutes of limitations, the section 1983 claim's limitations period expires in September 2019, well beyond any stay the Court would countenance or permit.  Should there be other types of actions Plaintiff is contemplating against other parties, the privileged investigation and denial of accessible information as a result is a fact the Court cannot change.  And the Court agrees with Defendant's assertion it is not an economical use of resources to have motion practice directed to the present pleading; better to wait for Plaintiff to have the necessary information and amends her claim, as she has indicated she intends to do.  (*See id.* 5).  Finally, the Court is satisfied a limited stay will serve to preserve and protect evidence — the ongoing investigation is presumably doing just that.

Plaintiff is not prejudiced by the timing of Defendant's Motion, which is presented at the earliest stage following service of the Complaint.  Courts denying stays have sometimes cited the fact movants waited until after discovery was completed or waited until after it had been ongoing for several months.  *See Harris v. City of Boynton Beach*, No. 9:16-CIV-80148, 2016 WL 3747680, at *1–2 (S.D. Fla. July 13, 2016) (denying defendant's motion to stay filed six months into discovery); *Coquina*, 2011 WL 2530945, at *2 (denying defendant's motion to stay filed after close of discovery).  No discovery will be abandoned here, and no court deadlines postponed.

Under the circumstances, the prudent course is to permit a temporary stay, requiring periodic updates on the status of the State Attorney's and the MDPD's investigations.  This approach protects against unwarranted delay and vindicates the Court's desire to efficiently manage its cases.  The parties stand to benefit from a fuller and more comprehensive case file.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Anthony Martin's Motion to Stay Proceedings and Administratively Close Case Pending Resolution of Related State Criminal and Administrative Investigations **[ECF No. 14]** is **GRANTED**.  This action is **STAYED** pending completion of the State Attorney and the Miami-Dade Police Department's investigations.  The Clerk is directed to mark the case **CLOSED** for statistical purposes only.

2. The parties shall submit a joint status report **every sixty (60) days**, starting April 10, 2017, advising the Court of the progress of the criminal investigation.  This Order shall not prejudice the rights of the parties to this litigation.

CASE NO. 14-20284-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 10th day of March, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record